UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARCELINO ROCHA,

      Defendant-Appellant.

No. 04-8121
(D.C. No. 04-CR-9-6D)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

Marcelino Rocha pled guilty to one count of conspiracy with intent to

distribute and to distribute methamphetamine in violation of 21 U.S.C.

§§ 841(a)(1) and 846. After reducing his sentence three levels for acceptance of

responsibility, U.S.S.G. § 3E1.1, the district court determined that the offense

level was 23 with a Guidelines range of 57-71 months' imprisonment. Because

Rocha faced a mandatory minimum sentence of five years' imprisonment, his

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

effective Guidelines range was 60-71 months.  The court imposed sentence in the middle of the range at 65 months.  Rocha's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel.  We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

If counsel conscientiously examines a case and determines that any appeal would be wholly frivolous, Anders authorizes counsel to so advise the court and request permission to withdraw.  Counsel must submit a brief to both the appellate court and the client pointing to anything in the record that would potentially present an appealable issue.  The client may then choose to offer any argument to the court.  If the court, upon completely examining the record, determines that the appeal is in fact frivolous, it may grant counsel's request to withdraw and dismiss the appeal.  Id. at 744.  In the present case, counsel, acting pursuant to Anders, provided Rocha with a copy of his appellate brief and Rocha has not filed a pro se brief raising any argument.  Rocha did orally request that counsel "appeal to this court on the length of his sentence.  Defendant/Appellant believes that his sentence, which is in the mid range of the guideline range is too long."  Appellant's Br. at 3.

Pursuant to 18 U.S.C. § 3742(e), courts of appeal may reverse a sentence only in very limited circumstances, none of which are present in this case.  In United States v. Booker, 125 S. Ct. 738, 757 (2005), however, the Supreme Court

severed and excised § 3742(e). We now review sentences for "unreasonableness" looking to the factors discussed in 18 U.S.C. § 3553(a) for guidance. Booker, 125 S. Ct. at 766. Among these factors are "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed . . . correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). District courts must also consider "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." Id.

After considering the applicable guidelines range, the district court stated:

The sentence that I'm going to impose upon you is designed to punish you for [your] offense, to send a clear message to the community that these offenses are violative of the law and will not be tolerated here in the District of Wyoming and recognize that you haven't learned from your other scrapes with the law. I won't sentence you high into the guidelines in that regard, Mr. Rocha, but I don't think sentencing you to the bottom end of the guidelines is appropriate, either. The Court notes that you have greatly benefitted from the conservative drug quantity identified to the Court.

The record clearly demonstrates that Rocha's sentence is reasonable. The court gave extensive reasons for the sentence imposed, which track the considerations enumerated in § 3553(a).

Either under § 3742(e) or the post-Booker reasonableness standard, any

3

appeal would be frivolous.  Because Rocha has no meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge